UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 19-cr-61(3) (ECT) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Dorian Jossier Castillo, | |
| Defendant. | |

---

Defendant Dorian Jossier Castillo has filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 231. In 2019, Castillo pleaded guilty to one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. ECF No. 125. In February 2020, he was sentenced to 84 months' imprisonment, followed by two years of supervised release. ECF No. 185. Castillo is currently in the custody of the Federal Bureau of Prisons at United States Penitentiary Yazoo City, and has a projected release date of April 28, 2025. *See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Aug. 4, 2023); ECF No. 231.

Castillo argues that an upcoming amendment to the United States Sentencing Guidelines—currently scheduled to take effect on November 1, 2023—provides him with a basis for relief. ECF No. 231. He claims that under the amended guidelines he would not be assigned a 4-level increase due to his criminal history, which would in turn reduce his applicable guidelines range. *Id.*; *see* 88 Fed. Reg. 28254, 28271 (May 3, 2023) (to be

codified at U.S.S.G. § 4C1.1). At sentencing it was determined that Castillo's total offense level was 33, that his criminal history category was I, and that the corresponding guideline range was 135 to 168 months. ECF No. 186. Castillo believes that application of the amended guidelines would entitle him to a 24-month sentence reduction, which would result in a 60-month sentence. ECF No. 231 at 2.

Castillo's motion will be denied for multiple reasons. First, it is untimely. Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Castillo has not invoked any unconstitutional government impediment, nor asserted a right newly recognized by the Supreme Court. Castillo has also not alleged any new facts, as a change in law is not considered a fact for purposes of § 2255(f)(4). *E.J.R.E. v. United States*, 453 F.3d 1094, 1097–98 (8th Cir. 2006). As a result,

2

the operative date is the date on which the judgment of conviction became final under § 2255(f)(1).  Castillo's sentencing judgment was entered on February 21, 2020.  ECF No. 185.  Castillo's judgment of conviction became final on or about March 6, 2020, when the time expired for him to file a notice of appeal, *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); Fed. R. App. P. 4(b)(1), meaning well over a year had passed by the time he filed his § 2255 motion in May 2023, ECF No. 231.  Thus, Castillo's § 2255 motion is time-barred.

Moreover, defendants "looking to argue that they have been 'sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission' must invoke 18 U.S.C. § 3582(c), not § 2255." *United States v. Bazaldua*, No. 06-cr-0100 (JNE/JSM), 2016 WL 5858634, at *2 (D. Minn. Oct. 5, 2016).  Notably, Castillo cites § 3582(c)(2) in his § 2255 motion.  *See* ECF No. 231 at 1.  Yet § 3582(c)(2) only applies where "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2).  That has not happened, as the November 1, 2023 effective date is still months away.[1]  *See United States v. Brummett*, No. 4:21-CR-3080, 2023 WL 3319713, at *1 (D. Neb. May 9, 2023).  Further, the retroactive effect of the amendment has not yet been finalized.  *See Public Hr'g on Retroactivity*, U.S. Sent'g Comm'n, https://www.ussc.gov/policymaking/

---

[1]   Castillo's § 2255 motion is drafted as if November 1, 2023, had occurred.  *See* ECF No. 231 at 1 ("On May 1, 2023, the United States Sentencing Commission submitted to the Congress amendments to the sentencing guidelines and official commentary, which became effective on November 1, 2023.").  It has not.

3

meetings-hearings/public-hearing-july-19-2023 (last visited Aug. 4, 2023). Accordingly, Castillo's § 3582(c)(2) argument fails.

District Courts possess authority to issue certificates of appealability for proceedings under § 2255. *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—. . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). Moreover, "[a] certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is "a showing that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). Castillo's § 2255 motion is without merit, and he has raised no issues that warrant further proceedings. As such, he has not made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a certificate of appealability.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that:

1. Defendant Dorian Jossier Castillo's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 231] is **DENIED**.

2. The Government's Motion to Dismiss [ECF No. 238] is **GRANTED**.

3.     No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: August 7, 2023             s/ Eric C. Tostrud  
                                                   Eric C. Tostrud  
                                                   United States District Court